UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CHRISTOPHER R. PADILLA,**
    Plaintiff,

v.                                              Civil Action No. _____

**AMERICAN MODERN HOME INSURANCE COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY, DON BROWN INSURANCE AND PROPERTIES, INC., and DONALD G. BROWN,**
    Defendants.

___

**NOTICE OF REMOVAL**
___

    COMES NOW, the Defendant, Government Employees Insurance Company (hereafter, "GEICO"), by and through its undersigned attorneys, Perry Law P.C., by Meloney Perry and Stacy Thompson, and hereby files its Notice of Removal pursuant to 28 U.S.C. §§1332, 1441 and 1446, and in support thereof states the following:

    1.    Plaintiff Christopher Padilla (hereafter "Plaintiff") filed his complaint for Bad Faith Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duty, Violations of Unfair Trade Practices Act and Violations of Trade Practices and Fraud Act ("hereinafter "Complaint"). (*See* Plaintiff's Complaint, hereto attached as Exhibit A).

    2.    Plaintiff's Complaint was filed in The Second Judicial District Court, County of Bernalillo, State of New Mexico, as Cause Number D-202-CV-2015-01246 on April 26, 2016. (hereinafter "State Court Action"). (*See id.*)

3. Defendant GEICO was served through the Superintendent of Insurance who accepted service on behalf of GEICO, on May 11, 2016, therefore, removal is timely. (*See* May 11, 2016 Letter from New Mexico Superintendent of Insurance attached hereto as Exhibit B).

4. Plaintiff alleges he is a resident of Bernalillo County, New Mexico. (*See* Exhibit A. at ¶2).

5. Plaintiff named the following Defendants in his Complaint: American Modern Home Insurance Company, Government Employees Insurance Company, Don Brown Insurance And Properties, Inc., and Donald G. Brown. (*Id*. at page 1).

6. Plaintiff does not make any allegations as to the citizenship of American Modern Home Insurance Company. (*See also* generally Exhibit A).

7. Plaintiff does not make any allegations as to the principal place of business of American Modern Home Insurance Company. (*See also* generally Exhibit A).

8. American Modern Home Insurance Company is incorporated in Ohio and its principal place of business is in Ohio. (*See* Exhibit C, Ohio Secretary of State Corporation Details).

9. Plaintiff does not make any allegations as to the citizenship of GEICO. (*See also* generally Exhibit A).

10. Plaintiff does not make any allegations as to the principal place of business of GEICO. (*See also* generally Exhibit A).

11. Defendant GEICO is incorporated in Maryland and its principal place of business is in Maryland.

12. Plaintiff does not make any allegations as to the citizenship of Defendant Don Brown Insurance and Properties, Inc. *(See also* generally Exhibit A).

13. Plaintiff does not make any allegations as to the citizenship of Defendant Donald G. Brown. *(See also* generally Exhibit A.)

14. Plaintiff alleges Defendant Don Brown Insurance and Properties, Inc.'s principal place of business in in Bernalillo County, New Mexico. (*Id.* at ¶ 5.)

15. Plaintiff alleges Defendant Donald G. Brown was a resident of Bernalillo County, New Mexico. (*Id*. at ¶6).

16. Plaintiff has served all Defendants. *(See* Summons and Return for Defendant, hereto attached as Exhibit D) *(See also* Register of Actions for the State Court Action, hereto attached as Exhibit E)[1]

17. Pursuant to 28 U.S.0 § 1441(b)(2), removal based on diversity of citizenship requires that no properly joined and served party of interest diversity be a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b)(2).

18. The State Court Action alleges Defendant GEICO sold the policy to Plaintiff through Don Brown Insurance and Properties, Inc., operated and managed by Donald G. Brown. (*See* Exhibit A ¶14).

19. The State Court Action also alleges GEICO and Don Brown Insurance Properties, Inc., represented that the GEICO policy would provide Plaintiff with Uninsured and Underinsured Motorists coverage, protecting him from damages sustained by an uninsured or underinsured motorist. (*Id* at ¶15).

---

[1] On June 10, 2016, counsel for GEICO spoke with counsel for Brown Defendant and Donald G. Brown. Defendant Donald G. Brown is retired and as a result his counsel did not have the benefit of GEICO's records. Defendants Donald G. Brown and Don Brown Insurance and Properties, Inc.'s ("Brown Defendants") answer at ¶ 14 is not accurate and counsel for Defendant Brown has indicated he will be filing an amended answer. GEICO's records reflect that the Brown Defendants did not sell the Policy to Plaintiff and did not have any contact with Plaintiff prior to the date of loss. *See* Affidavit of Ruben Garay at ¶ 3, 5, 6 and 8.

20. The State Court Action contains no other allegations against Don Brown Insurance and Properties, Inc. or Donald G. Brown. Plaintiff refers to Defendants' globally throughout his complaint, however Defendants' is never defined.

21. Plaintiff purchased the policy through the internet and had no contact with Donald G. Brown or Don Brown Insurance and Properties, Inc. prior to the February 8, 2013 date of loss. (*See* Affidavit of Ruben Garay, attached hereto as Exhibit F).

22. Defendant GEICO believes Donald G. Brown and Don Brown Insurance and Properties, Inc. have been improperly joined in this matter.

23. A federal district court possess original subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds seventy-five thousand dollars. 28 U.S.C. § 1332(a). Removal based on diversity of citizenship requires that none of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b) (emphasis added). The standard for improper joinder or "fraudulent joinder" (hereinafter "improper joinder") under 28 U.S.C. § 1441(b) has been addressed by this Court. *See Zufelt v. Isuzu Motors Am.*, 727 F. Supp. 2d 1117 (D.N.M. 2009) (Browning, J.). *See also Couch v. Astec Indus., Inc.*, 71 F. Supp. 2d 1145, 114647 (D.N.M. 1999) (Baldock, J.).

24. In *Zufelt*, the Court noted that the last published Tenth Circuit decision to state the burden of proof for demonstrating improper joinder was issued over forty years ago in *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879 (10th Cir. 1967). *Zufelt*, 727 F. Supp. 2d at 1123. The Court therefore considered the Tenth Circuit's two unpublished opinions in *Montano v. Allstate Indem.*, 211 F.3d 1278, 2000 WL 525592 (10th Cir. 2000) (published in full-text format at 2000 U.S. App. LEXIS 6852) and *Nerad v. AstraZeneca*, 203 Fed. Appx. 911

(10th Cir. 2006) as persuasive authority for evaluating the improper joinder standard. *Id.* at 1128-29.

25. In its examination of these two unpublished cases and those of other jurisdictions, the Court found that "remand is required if any one of the claims against the non-diverse defendant...is possibly **viable**." *Id*. (*citing Montano*, 2000 U.S. App. LEXIS 6852, at *6) (emphasis added). The Court noted that the District of New Mexico has consistently adopted the viable claim or "possibility" standard when assessing improper joinder. *Id*.

26. This Court also identified improper joinder in the specific instance "where a plaintiff cannot plead a cause of action against the non-diverse defendant." *Couch*, 71 F. Supp. 2d at 1147 (citing *Rogers v. Hartford Accident & Indemnity Co.*, 133 F.3d 309, 315 (5th Cir. 1998)).

27. Plaintiff had no contact with Donald G. Brown and Don Brown Insurance and Properties, Inc. prior to the date of loss of February 8, 2013. As a result, Plaintiff does not have a viable claim against Defendant Donald G. Brown and Defendant Don Brown Insurance and Properties, Inc., thus Defendant Don Brown and Defendant Don Brown Insurance and Properties, Inc. are improperly joined under the standard for improper joinder.

28. Accordingly, Defendant is not properly joined to this matter pursuant to 28 U.S.C. § 1441 and the applicable caselaw on improper joinder.

29. Accordingly, diversity of citizenship is present in this matter as Defendants Donald G. Brown and Don Brown Insurance and Properties, Inc.'s citizenship does not defeat diversity. *See* 28 U.S.C. § 1441(b)(2).

30. Given the diversity of citizenship, this case may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446.

31. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and cost. 28 U.S.C. §1332(a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See e.g., Laughlin v. Kmart Corp*, 50 p.3d, 871, 873 (10 Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y* 320 U.S. 238, 240 (1943); *Watson v. Blakenship,* 30 F.3d 383, 386 (10 Cir.1994). This calculation also includes attorney's fees. *See Miera v. Dairyland Ins. Co.,* No. 96-0136-M, mem.Op. (D.N.M. Feb. 28, 1996)(denying remand of removed action based on availability of attorney's fees under New Mexico Unfair Claims Practice Act and Unfair Trade Practices Act. *See also 14A Wright v. Miller, Federal Practice and Procedure,* §3712, at 176-78, and authorities cited therein; *Foret v. Souther Farm Bureau Life Ins. Co.,* 918 F. 2d 534, 537 (5 Cir. 1990). The calculation also includes treble damages claims.

32. In addition to actual damages in this case, Plaintiff is requesting attorney fees and costs, exemplary and punitive damages.

33. The limits in the GEICO policy were $50,000/$100,000 for the three vehicles covered by that policy.  (*See* Exhibit A ¶13.)

34. Less than thirty (30) days have passed since Defendant GEICO was served a copy of the initial pleading on this matter. *See* Exhibit B.

35. Donald G. Brown and Don Brown Insurance and Properties, Inc. have been served a copy of the initial pleading on this matter and consent to the removal. *See* Exhibit C. *See also* 28 U.S.C. § 1446(b)(2)(A).

36. By and through this Notice of Removal, Defendant removes all claims asserted against it on the basis of diversity jurisdiction, which is conferred upon this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

37. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiff on this date.

38. Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently filing a Notice of Filing Notice of Removal in the State Court Action, a copy of which is hereto attached as Exhibit G without "Exhibit 1."

39. Defendant is concurrently filing an answer in the State Court Action on this date, a copy of which is hereto attached to this Notice as Exhibit of H.

40. Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-CIV. 81.1(a), all process, pleadings, and orders from the State Court Action will be filed with this Court in a separate Transmittal of State Court Record within twenty-eight days (28) of this Notice.

41. A Civil Cover Sheet for this Court is hereto attached as Exhibit I.

42. The matters in controversy exceed the sum or value of $75,000.00, exclusive of interest and costs. Specifically, the Plaintiff has alleged and has demanded the limits of uninsured motorist coverage, but also seeks punitive damages not only for the actions of the tortfeasor but also punitive damages against Defendant GEICO for claim handling. In addition, Plaintiff also seeks attorney's fees under various New Mexico statutes.

WHEREFORE, Defendant GEICO gives notice that this case is removed from the Second Judicial District Court, County of Bernalillo, State of New Mexico, to the United States District Court for the District of New Mexico.

        Respectfully submitted,

        */s/ Meloney Perry*
        Meloney Perry, #147671
        Stacy Thompson, #147638
        **Perry Law, PC**
        10440 N. Central Expressway, Suite 600
        Dallas, Texas 75231
        Telephone:  (214) 265-6201
        Facsimile:  (214) 265-6226
        E-mail: mperry@mperrylaw.com
                sthompson@mperrylaw.com

        ***Attorneys for Government Employees Insurance Company***

Defendant's address:
5260 Western Avenue
Chevy Chase, Maryland 20815

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of June, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Geoffrey R. Romero
    Law Offices of Geoffrey R. Romero
    4801 All Saints Road NW
    Albuquerque, NM 87120
    *Attorney for Plaintiff*

    John A. Frase
    Resnick & Louis, PC
    3840 Masthead Street, NE
    Albuquerque, NM 87109
    *Attorney for Defendants Donald G. Brown and*
    *Don Brown Insurance and Properties, Inc.*

        */s/ Meloney Perry*
        Meloney Perry

00039285.DOCX