# EXHIBIT A

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

CHRISTOPHER R. PADILLA,

       Plaintiff,

                                     CAUSE NO.   D-202-CV-2016-02675

vs.

AMERICAN MODERN HOME INSURANCE
COMPANY, GOVERNMENT EMPLOYEES
INSURANCE COMPANY, DON BROWN INSURANCE
AND PROPERTIES INC, and DONALD G. BROWN,

       Defendants.

## COMPLAINT FOR BREACH OF CONTRACT
## AND INSURANCE BAD FAITH

     Plaintiff Christopher R. Padilla, by and through his counsel of record,

Geoffrey R. Romero, Esq., for his causes of action and claims against the

Defendants, states as follows:

     1.    This action arises out of Uninsured Motorist (UM)/Property

Damage (PD) insurance coverage available to Plaintiff under a policy of

insurance issued to Plaintiff by American Modern Home Insurance

Company ("American Modern"), and UM/PD insurance coverage available

to Plaintiff under a policy of insurance issued to Plaintiff by Government

Employees Insurance Company ("GEICO"), and out of the denial of the

benefits of those coverages by American Modern and GEICO or the failure

1

of American Modern or GEICO to extend the benefits of those coverages to Plaintiff.

2.      At all times pertinent to this action, Mr. Padilla was, and continues to be, a resident of Bernalillo County, New Mexico.

3.      Upon information and belief, at all material times, American Modern was and is an insurer admitted to do business in the State of New Mexico.

4.      Upon information and belief, at all material times GEICO was and is an insurer admitted to do business in the State of New Mexico.

5.      On information and belief, at all relevant times, Don Brown Insurance and Properties Inc. was a domestic, for profit corporation, with its principal place of business in Bernalillo County, New Mexico, and acting as an agent of GEICO.

6.      On information and belief, at all relevant times, Donald G. Brown was a resident of Bernalillo County, New Mexico, and acting as an agent or employee of GEICO.

7.      American Modern is licensed to sell insurance, and does in fact sell insurance in New Mexico and is subject to the jurisdiction of this Court.

8.      GEICO is licensed to sell insurance, and does in fact sell insurance in New Mexico and is subject to the jurisdiction of this Court.

2

9.     Venue and jurisdiction are proper in this Court.

## GENERAL ALLEGATIONS

10.     Mr. Padilla owns or owned various collector vehicles, including the 1971 Chevrolet pickup that is the subject of this action.

11.     American Home is a specialty insurance company that issued a policy of insurance covering Mr. Padilla's three collector vehicles, including the 1971 Chevrolet pickup, policy no. 052-024-029.

12.     The American Home policy is a stated value policy. The stated value for the 1971 Chevrolet pickup at the time of the incident was $20,000.00.

13.     Mr. Padilla owns or owned other, non-collector vehicles which at relevant times were insured by GEICO, policy no. 4287-27-48-17. The limits in the GEICO policy were $50,000/$100,000 for the three vehicles covered by that policy. The policy also included UM coverage in equal amount.

14.     GEICO sold the policy to Mr. Padilla through Don Brown Insurance and Properties Inc., operated and managed by Donald G. Brown.

15.     GEICO and Don Brown Insurance and Properties Inc., represented that the GEICO policy would provide Mr. Padilla with Uninsured and Underinsured Motorists coverage, protecting him from

damages sustained by an uninsured or underinsured motorist.

16.   Both the American Home and GEICO policies were in effect on the date of loss.

17.   In February, 2013, Mr. Padilla conducted repairs on the 1971 Chevrolet pickup due to a ruptured fuel line. As part of the maintenance and repair process, Mr. Padilla drove the 1971 Chevrolet pickup intermittently for approximately a week to ensure that the fuel line no longer leaked. For safety reasons, because the maintenance and repair involved a ruptured fuel line, Mr. Padilla parked the pickup in his driveway.

18.   On February 8, 2013, the pickup was taken from Mr. Padilla's driveway by unknown individual(s) who exercised control and operation over Mr. Padilla's vehicle, without his permission.

19.   Mr. Padilla's pickup was found burning a few days later and was a total loss. No one has been identified, arrested, or prosecuted for the theft and destruction.

20.   Mr. Padilla made a claim with American Home for the total loss of the pickup and otherwise complied with the policy conditions. A copy of the policy is attached as **Exhibit A**.

21.   American Home denied coverage for the loss. American Home denied the claim under the property loss coverage on or about

February 12, 2013.  American Home denied coverage based on Exclusion No. 17 of the "Collector Vehicle Specified Coverage Endorsement," which excludes from coverage "Loss or Damage to 'your covered auto' when not stored in a locked 'garage facility.'"  The policy exclusion defines "garage facility" as "a permanent structure which is capable of protecting the vehicle from the elements, is fully enclosed, and all entranceways must have a functioning locking mechanism." **Exhibit A** at Bates Stamped CP000035.

22.     The policy provides an exception to Exclusion No. 17: it "does not apply to 'your covered auto' when it is being used for 'Occasional Pleasure Use.' **Exhibit A** at Bates Stamped CP000035.  "Occasional pleasure use" is defined to include use for "activities consistent with and related to participation in vehicle exhibitions, vehicle club activities, parades, leisure/pleasure drives, or maintenance." **Exhibit A** at Bates Stamped CP000030.  Use as a "principal means of transportation" or a substitute, or to or from work, are not "leisure/pleasure drives." *Id.*

23.     Mr. Padilla was engaged in maintenance of the vehicle at the time it was stolen and thus the exclusion cited by American Home does apply.  Yet American Home continued and continues to deny the claim.

24.     Mr. Padilla also made a claim for uninsured motorist ("UM") coverage both to American Home and GEICO, because once the vehicle was

taken unlawfully, it was operated without permission by an unknown individual, and thus the driver was an uninsured motorist who caused damage to Mr. Padilla's property (*i.e.,* the pickup).

25.   The American Home policy did not provide liability coverage to the unknown tortfeasor while he operated Plaintiff's pickup without permission.

26.   American Home denied the claim in February 2014, misrepresenting that Mr. Padilla rejected UM coverage, and also asserting that the policy did not provide coverage in this instance, citing inapplicable policy language.

27.   Mr. Padilla, however, never signed a rejection of UM limits, but signed only a waiver of UM/UIM stacking form which did not comply with New Mexico law.  The form provided by American Home did not make a commercially reasonable offer of coverage, but instead the offer section was left blank.  The form provides that if the insured does not reject UM coverage, then American Home will issue the policy with UM coverage equal to the limit of liability coverage in the policy. **Exhibit B** at Bates stamped CP000041-42.

28.   GEICO acknowledged that Mr. Padilla had UM coverage in the policy with GEICO.  But GEICO rejected the UM claim on the basis that

New Mexico law does not allow for recovery of UM coverage in the situation here, where a vehicle is stolen and then recovered (even though this was a total loss). A copy of the policy is attached as **Exhibit C.**

29.     Under New Mexico law, those persons responsible for the theft of Mr. Padilla's vehicle were uninsured motorists for the purpose of determining insurance coverage.

30.     The unknown perpetrator(s), exercised control and operation over Mr. Padilla's vehicle, without his permission, and used said vehicle, with personal property contained therein, to cause the theft of the vehicle and of the personal property.

31.     The thieves were never found or identified.

32.     American Home denied the UM claim wrongfully, first based on false claims about a rejection of coverage in its entirety.

33.     American Home then asserted that the policy excluded UM coverage in this instance in any event, claiming among other things that the pickup did not meet the definition of uninsured motor vehicle in the policy (including because the vehicle was owned by Mr. Padilla) and reasserting that the vehicle was being used in a manner that excluded coverage (citing the "occasional pleasure use" language).

34.     Despite the fact that the New Mexico Uninsured Motorist Act,

New Mexico common law, and rules and regulations promulgated by the Superintendent of Insurance, do not, in any way, exclude theft as a form of "injury to or destruction of property," GEICO during the handling of the claim, wrongfully denied coverage under Plaintiff's policy in claiming that the New Mexico Uninsured Motorist Act does not provide coverage for theft.

35.    Despite the fact that the theft of Mr. Padilla's vehicle was accomplished through its use and operation by unknown perpetrator(s), GEICO, during the handling of these claims, wrongfully denied coverage under Plaintiff's policy in claiming that no coverage is provided because the motor vehicle theft, the injury to property, did not arise "out of the ownership, maintenance or use of a motor vehicle."

36.    Despite the fact that the unknown perpetrator(s) who stole Mr. Padilla's pickup by using and operating it, without his consent, became uninsured motorist(s) at the time of the theft, from whom Mr. Padilla legally is entitled to recover damages, Defendants wrongfully denied coverage under Mr. Padilla's policies with them, claiming that no coverage is provided under Mr. Padilla's policies because the vehicle was not an "uninsured vehicle" when stolen.

37.    GEICO also asserted that no coverage is extended where a

stolen vehicle is recovered.  Despite the strong protections afforded insureds under the Uninsured Motorist Act and the New Mexico Supreme Court's interpretation of that Act, GEICO asserted that the New Mexico courts would not follow Judge Browning's decision in *Arnold v. Farmers Ins. Co. of Arizona,* 827 F. Supp. 2d 1289 (2011), finding valid coverage as to claims made for vehicles that are recovered and damaged, but deciding that no coverage exists where vehicles are not recovered.

38.    GEICO also wrongfully asserted that even if it owed UM/UIM coverage it would be entitled to an offset of the UM/UIM and comprehensive coverage available from American Modern Home Insurance Company despite full knowledge that American had denied UM/UIM and Comprehensive coverages to Mr. Padilla for the theft and injury to his property.

39.    Despite the fact that it is a firmly established in New Mexico law that any provision in automobile insurance policies which excludes from uninsured motorist coverage uninsured vehicles owned by or made available for use by the policyholder or any family member of the policyholder is void as against public policy, *Padilla v. Dairyland Ins. Co.,* 109 N.M. 555, 787 P.2d 835 (1990), Defendants wrongfully denied coverage under Mr. Padilla's policies with them, claiming that no coverage is provided under the

policies because the vehicle stolen was a vehicle that the insured owned and was insured under his policies and therefore it did not meet the definition of "uninsured motor vehicle."

40.   New Mexico statutory law mandates that "[n]o motor vehicle or automobile liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person and for injury to or destruction of property of others arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in New Mexico with respect to any motor vehicle registered or principally garaged in New Mexico unless coverage is provided therein or supplemental thereto in minimum limits for bodily injury or death and for injury to or destruction of property[1]." NMSA 1978, 66-5-301 (A) (1983).

41.   NMSA 1978; 66-5-301 (1983), does not exclude theft of a motor vehicle from uninsured motorist coverage.

42.   NMSA 1978, 66-5-301 (1983), does not limit "injury to or destruction of property" in a way that excludes theft from coverage.

43.   NMSA 1978, 66-5-301 (1983), does not exclude uninsured/underinsured motorist coverage where the uninsured motor vehicle is owned by or made available for use of the policyholder or any family member of the policyholder.

44.     At the time they denied Mr. Padilla's claims for coverage, Defendants were aware of their obligations under this statute. In denying Mr. Padilla's claims for insurance coverage, Defendants knowingly violated its legal and contractual obligations to provide uninsured motorist coverage to its policyholders for damage sustained to property by an uninsured motorist.

45.     At that time that it denied Mr. Padilla's claim for coverage of the total loss under his policy, American Home knew of its obligations under the contract and of the facts, and knowingly violated its legal and contractual obligations to provide coverage for the loss.

46.     At the time that it denied Mr. Padilla's claim for coverage of the total loss under his policy, GEICO knew of its obligations under the contract and of the facts, and knowingly violated its legal and contractual obligations to provide coverage for the loss.

## COUNT I

### (Bad Faith Breach of Contract)

47.     Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

48.     By issuing the policies at issue to Mr. Padilla, Defendants entered into a contract with him.

49.     Defendants each had the duty to comply with and perform their

respective obligations under the policies of insurance for Mr. Padilla, as well as various duties established by common law, statute, and administrative regulations.

50. Defendants, acting through their agents, adjusters, and employees, breached contractual duties owed to Mr. Padilla, in the following manner, including but not limited to:

A. failing to make payments to Mr. Padilla under the Uninsured Motorist (UM)/Property Damage (PD) coverage of their policies;

B. failing to fully inform Mr. Padilla of his rights under all forms of uninsured motorist coverage of his policies;

C. failing to inform Mr. Padilla of laws and regulations pertinent to his rights under his uninsured motorist policies;

D. withholding payments under the policies knowing that coverage was valid;

E. failing to conform the contracts in accordance with the regulations of the Superintendent of Insurance and New Mexico law;

F. failing to provide Mr. Padilla with an adequate reason for denial of coverage;

G. providing false and unreasonable bases for denial of coverage;

H.    providing reasons for denial that are unsupported or contradicted by the language of the contracts or related papers; and

I.    making denials based on improper and slanted investigations.

51.    In addition to the breach of duties related to the UM coverage, Defendant American Home, acting through its agents, adjusters, underwriters, and employees, breached its contractual duties owed to Mr. Padilla, in the following manner, including but not limited to:

A.    failing to make payments to Mr. Padilla under the Property Damage (PD) coverage of its policy;

B.    failing to fully inform Mr. Padilla of his rights under all forms of PD coverage of his policy;

C.    failing to inform Mr. Padilla of laws and regulations pertinent to his rights under his PD coverage;

D.    withholding payments under the policy knowing that coverage was valid;

E.    failing to provide Mr. Padilla with an adequate reason for denial of coverage;

F.    providing false and unreasonable bases for denial of coverage;

13

G.     providing reasons for denial that are unsupported or contradicted by the language of the contract or related papers; and

I.     making denials based on improper and slanted investigations.

52.     Defendants' conduct in their breach of the various contractual, common law, and statutory duties owed to Mr. Padilla as enumerated above was wanton and willful and without due regard for the rights of the Plaintiff.

53.     As a direct and proximate result of Defendants' bad faith breach of the insurance contracts, Mr. Padilla has been damaged in an amount to be proven at trial.

WHEREFORE, Mr. Padilla respectfully demands judgment against Defendants and request an Order from this Court for:

A.     the amount of Mr. Padilla's actual damages resulting from Defendants' wrongful acts and omissions as stated in this Complaint, together with pre-judgment and post-judgment interest at the maximum rate allowed by law;

B.     Mr. Padilla's attorney fees and costs;

C.     exemplary and punitive damages in an amount that will deter Defendants and others from such wrongful conduct in the future and punish them for their behavior alleged in this Complaint; and

D.      such other and further relief as this Court deems just and

proper.

## COUNT II

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

54.     Mr. Padilla incorporates by reference the preceding paragraphs as though they were stated fully herein.

55.     By virtue of their respective contracts of insurance with Mr. Padilla, Defendants American Modern Home Insurance Company ("American Modern") and Government Employees Insurance Company ("GEICO"), acting through their agents, adjusters, and employees, had and have a duty to act in good faith and to deal fairly with Mr. Padilla, their policyholder, and to act honestly, both in fact and in law, in these dealings.

56.     Defendants American Modern Home Insurance Company ("American Modern") and Government Employees Insurance Company ("GEICO"), acting through their agents, adjusters, and employees, knowingly and willfully breached duties owed to Mr. Padilla in the following manner, including but not limited to:

A.      intentionally and maliciously misrepresenting the policies and the rights of Mr. Padilla under the policies;

B.    failing to thoroughly and properly investigate coverage available to Mr. Padilla;

C.    misrepresenting coverages available under Mr. Padilla's policies;

D.    failing to provide a reasonable explanation of the basis for denying coverage of Mr. Padilla's claim;

E.    failing to conform the contracts in accordance with regulations of the Superintendent of Insurance and New Mexico law;

F.    compelling Mr. Padilla to obtain legal counsel in order to obtain benefits due under the policies;

G.    failing to advise Mr. Padilla of all coverage available to him under the policies;

H.    failing to advise Mr. Padilla of law pertinent to the facts of the case and coverage available;

I.    misinforming Mr. Padilla of law applicable or pertinent to his claim and available coverages;

J.    failing to inform Mr. Padilla fully and completely of his rights and remedies available under all policies;

K.    providing false and unreasonable reasons for denial of coverage;

16

L.     relying on inapplicable policy provisions or misapplying and altering language of the policies to deny coverage;

M.     failing to give Mr. Padilla's interests at least equal weight as that of their own interests;

N.     looking for ways to deny coverage and Mr. Padilla's claim, rather than looking for ways to pay the claim;

O.     elevating their own interests above those of Mr. Padilla;

P.     seeking to avoid payments of policy benefits for which Defendants charged, received, and accepted payment of premiums; and

Q.     refusing to pay the claim of one of its policyholders for reasons that were frivolous or unfounded.

57.    The conduct of Defendants has been wanton and willful and without due regard for the rights of Mr. Padilla.

58.    As a direct and proximate result of Defendants' bad faith breach of the implied covenant of good faith and fair dealing, Mr. Padilla has been damaged in an amount to be proven at trial.

WHEREFORE, Mr. Padilla respectfully demands judgment against Defendants American Modern Home Insurance Company ("American Modern") and Government Employees Insurance Company ("GEICO") and request an Order from this Court for:

A.   the amount of Mr. Padilla's actual damages resulting from Defendants' wrongful acts and omissions as stated in this Complaint, together with pre-judgment and post-judgment interest at the maximum rate allowed by law;

B.   Mr. Padilla's attorney fees and costs;

C.   exemplary and punitive damages in an amount that will deter Defendants and others from such wrongful conduct in the future and punish them for their behavior alleged in this Complaint; and

D.   such other and further relief as this Court deems just and proper.

## COUNT III

### (Breach of Fiduciary Duty)

59.   Mr. Padilla incorporates by reference the preceding paragraphs as though they were stated fully herein.

60.   At all times material to this Complaint, Defendants owed a fiduciary duty to Mr. Padilla to provide him with Uninsured Motorist (UM)/Property Damage (PD) coverage and pay for any damages caused by an uninsured motorist.

61.    At all times material to this Complaint, American Home owed Mr. Padilla a fiduciary duty to provide him with property damage coverage and pay for any damages as a result of his loss.

62.    At all times material to this Complaint, Defendants owed a fiduciary duty to Mr. Padilla in the processing of his claims, to give equal consideration to his interests as to Defendants' own interests.

63.    Defendants owed a fiduciary duty in processing Mr. Padilla's claims, particularly in the evaluation, and investigation of available coverage, and to provide the same in accordance with the policies, regulations of the Superintendent of Insurance, and New Mexico law.

64.    Defendants owed Mr. Padilla a fiduciary duty to provide appropriate, proper, and truthful information and representations regarding coverage and the bases for coverage decisions.

65.    Defendants, by and through their agents, adjusters, and employees, breached fiduciary duties owed to their policyholder, Mr. Padilla, in the following manner, including, but not limited to:

    A.    failing to inform Mr. Padilla of coverages available;

    B.    failing to inform Mr. Padilla of the Superintendent of Insurance's regulations and laws of the State of New Mexico as applied to

policies providing them Uninsured Motorist (UM)/Property Damage (PD) coverages;

        C.    failing to treat the interests of Mr. Padilla with equal consideration as Defendants' interests;

        D.    misrepresenting the coverages available to Mr. Padilla;

        E.    denying coverage based on faulty, slanted, and improper investigations; and

        F.    denying coverage based on misrepresentations of policy provisions and coverages and facts.

66.    The conduct of Defendants has been wanton and willful and without due regard for the rights of the Plaintiff.

67.    As a direct and proximate result of Defendants' breach of the aforementioned fiduciary duties, Mr. Padilla has been damaged in an amount to be proven at trial.

WHEREFORE, Mr. Padilla respectfully demands judgment against Defendants and request an Order from this Court for:

        A.    the amount of Mr. Padilla's actual damages resulting from Defendants' wrongful acts and omissions as stated in this Complaint, together with pre-judgment and post-judgment interest at the maximum rate allowed by law;

B.    Mr. Padilla's attorney fees and costs;

C.    exemplary and punitive damages in an amount that will deter Defendants and others from such wrongful conduct in the future and punish them for their behavior alleged in this Complaint; and

D.    such other and further relief as this Court deems just and proper.

## COUNT IV

### (Violations of Unfair Trade Practices Act)

68.    Mr. Padilla incorporates by reference the preceding paragraphs as though they were stated fully herein.

69.    When Defendants, acting through their agents, adjusters, and employees, sold their policies to Mr. Padilla, they represented to and assured Mr. Padilla that he would be provided the coverages describe herein and that Defendants were committed to providing him with the best customer service at the lowest cost possible.

70.    As set forth above and below, Defendants failed to provide the promised coverages.

71.    As set forth above and below, Defendants failed to engage in proper claims handling in the handling of Mr. Padilla's claims.

72.   At the time of the improper claims handling by Defendants, there was and remains in effect a statute known as the Unfair Trades Practices Act, NMSA 1978 § 57-12-2, including, but not limited to, subsections § 57-12-2 (D), (7), (15), (17), and § 57-12-2 (E), (1), (2), which prohibits a person selling insurance from engaging in unfair or deceptive trade practices.

73.   "Unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Practices Act, a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person and includes, but is not limited to:

A.   representing that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model if they are of another;

B.   stating that a transaction involves rights, remedies, or obligations that it does not involve; and

C.      failing to deliver the quality or quantity of goods or services contracted for.

74.     "Unconscionable trade practice" means an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services, including services provided by licensed professions, or in the extension of credit or in the collection of debts that to a person's detriment, including but not limited to:

A.      takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or

B.      results in a gross disparity between the value received by a person and the price paid.

75.     Defendants failed to deliver the quality or quantity of services contracted for by Mr. Padilla when they failed to pay insurance benefits under the Uninsured Motorist (UM)/Property Damage (PD) coverage and of Mr. Padilla's policies and the PD coverage of the American Home policy.

76.     Defendants, acting through their agents, adjusters, and employees as set forth above, knowingly and willfully engaged in unfair trade practices prohibited by NMSA 1978 § 57-12-2 (D), (7), (15), (17) and § 5742-2 (E), (1), (2).

77.    As  a  direct  and  proximate  result  of  the  unfair  and unconscionable  trades  practices  of  Defendants,  Mr.  Padilla  has  been damaged in an amount to be proven at trial.

WHEREFORE, Mr. Padilla, pursuant to NMSA 1978 § 57-12-10, respectfully demands judgment against Defendants and request an Order from this Court for:

A.    the amount of Mr. Padilla's actual damages resulting from Defendants' wrongful acts and omissions as stated in this Complaint, together with pre-judgment and post-judgment interest at the maximum rate allowed by law;

B.    Mr. Padilla's attorney fees and costs;

C.    exemplary and punitive damages in an amount that will deter Defendants and others from such wrongful conduct in the future and punish them for their behavior alleged in this Complaint; and

D.    such other and further relief as this Court deems just and proper.

## COUNT V

### (Violations of Trade Practices and Fraud Act)

78.    Mr. Padilla incorporates by reference the preceding paragraphs as though they were stated fully herein.

79.     When Defendants, acting through their agents, adjusters, and employees, sold their policies to Mr. Padilla, they represented to and assured Mr. Padilla that that Defendants were committed to providing him with the best customer service at the lowest cost possible.

80.     As set forth above and below, Defendants American Modern Home Insurance Company ("American Modern") and Government Employees Insurance Company ("GEICO") failed to engage in proper claims handling in the handling of Mr. Padilla's claims.

81.     At the time of the improper claims handling by Defendants, there was and remains in effect a statute known as the Trade Practices and Frauds Act, in particular, NMSA 1978 § 59A-16-20.

82.     NMSA 1978 § 59A-16-20, prohibits various activities and conduct by insurers, including, but not limited to, the following NMSA 1978 § 59A-16-20, including, but not limited to subsections A, B, C, E, G, and N. These sections prohibit the following conduct and activities:

        A.      misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue;

        B.      failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;

C.    failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;

D.    not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;

E.    compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered; and

F.    failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

83.   The actions of Defendants, by and through their agents, adjusters, and employees, as set forth above, constitute unfair insurance claims practices, knowingly committed or performed with such frequency as to indicate a general business practice prohibited by NMSA 1978 § 59A-16-20, including, but not limited to subsections A, B, C, E, G, and N.

84.    Defendants American Modern Home Insurance Company
("American Modern") and Government Employees Insurance Company
Company ("GEICO"), by and through their agents, adjusters, and
employees, as set forth above, knowingly and willfully, or with such
frequency as to indicate a general business practice in this state, engaged in
unfair insurance claims practices.

WHEREFORE, Mr. Padilla, pursuant to NMSA 1978 § 57-12-10,
respectfully demands judgment against Defendants American Modern Home
Insurance Company ("American Modern") and Government Employees
Insurance Company ("GEICO") and requests an Order from this Court for:

A.    the amount of Mr. Padilla's actual damages resulting
from Defendants' wrongful acts and omissions as stated in this Complaint,
together with pre-judgment and post-judgment interest at the maximum rate
allowed by law;

B.    Mr. Padilla's attorney fees and costs;

C.    exemplary and punitive damages in an amount that will
deter Defendants and others from such wrongful conduct in the future and
punish them for their behavior alleged in this Complaint; and

D.    such other and further relief as this Court deems just and
proper.

Respectfully submitted:

**LAW OFFICES OF GEOFFREY R. ROMERO**
/s/*Geoffrey R. Romero*, Attorney at Law
Geoffrey R. Romero, Esq.
Attorneys for Plaintiff
4801 All Saints Rd. NW
Albuquerque, NM 87120
(505) 247-3338

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/26/2016 12:49:51 PM
James A. Noel
Catherine Chave

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT


CHRISTOPHER R. PADILLA,

      Plaintiff,

                                CAUSE NO.   D-202-CV-2016-02675

VS.

AMERICAN MODERN HOME INSURANCE
COMPANY, GOVERNMENT EMPLOYEES
INSURANCE COMPANY, DON BROWN INSURANCE
AND PROPERTIES INC, and DONALD G. BROWN,

      Defendants.

<u>**COURT-ANNEXED ARBITRATION CERTIFICATION**</u>

**COMES NOW** Plaintiff Christopher R. Padilla by and through his attorney of record, Geoffrey R. Romero Esq., pursuant to Second Judicial District Local Rules, Rule LR2-603, and certifies as follows:

( )    No party seeks anything other than a money judgment and the amount sought does not exceed Twenty-Five Thousand Dollars ($25,000.00) exclusive of interests, costs and attorney fees.

(<u>X</u>)    This party seeks relief other than a money judgment and/or seeks relief in excess of Twenty-Five Thousand Dollars ($25,000.00) exclusive of punitive damages, interests, costs and attorney fees.

Respectfully Submitted,

**LAW OFFICES OF GEOFFREY R. ROMERO**
/s/ *Geoffrey R. Romero*, Attorney at Law
Geoffrey R. Romero, Esq.
Attorney for Plaintiff
4801 All Saints Rd. NW
Albuquerque, NM 87120
(505) 247-3338

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/26/2016 12:49:51 PM
James A. Noe
Catherine Chave

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT


CHRISTOPHER R. PADILLA,

      Plaintiff,

                            CAUSE NO.     D-202-CV-2016-02675

VS.

AMERICAN MODERN HOME INSURANCE
COMPANY, GOVERNMENT EMPLOYEES
INSURANCE COMPANY, DON BROWN INSURANCE
AND PROPERTIES INC, and DONALD G. BROWN,

      Defendants.

**<u>JURY DEMAND</u>**

      **COMES NOW** Plaintiff Christopher R. Padilla by and through his attorney of record, Geoffrey R. Romero Esq., and demands a trial by jury of six and the jury fee in the amount of $150.00 is tendered herewith.


                                  Respectfully submitted;

                                  **LAW OFFICES OF GEOFFREY R. ROMERO**

                                  /s/*Geoffrey R. Romero*, Attorney at Law

                                  Geoffrey R. Romero, Esq.

                                  Attorneys for Plaintiff

                                  4801 All Saints Rd. NW

                                  Albuquerque, NM 87120

                                  (505) 247-3338